UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL ELEASER JOHNSON, SR.,

    Petitioner,

v.                                        Case No. 3:17-cv-1139-J-32PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I.   Status**

Petitioner, Samuel Eleaser Johnson, Sr., an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Flagler County, Florida) judgment of conviction for which he is serving a combined thirty-five-year term of incarceration. Id. at 1. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 7 (Resp.).[1] Petitioner filed a Reply. Doc. 10. This case is ripe for review.

---

[1] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

## II.     One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III.   Analysis

On December 16, 2009, a jury found Petitioner guilty of three counts of trafficking cocaine, one count of conspiracy to traffic cocaine, and one count of transporting the proceeds of unlawful activity. Resp. Ex. A at 123-27. On January 19, 2010, the trial court sentenced Petitioner to a cumulative thirty-five-year term of incarceration followed by a thirty-year term of probation. Id. at 141-49. Petitioner sought a direct appeal, and on February 14, 2012, the Fifth District Court of Appeal per curiam affirmed Petitioner's judgment of conviction with a citation to Flagg v. State, 74 So. 3d 138 (Fla. 1st DCA 2011).[2] Resp. Ex. I. Petitioner, through appellate counsel, then filed with the Florida Supreme Court a notice to invoke discretionary jurisdiction arguing that because the Fifth DCA's affirmance of his appeal cited Flagg, a case then pending before the Florida Supreme Court, the Florida Supreme Court had discretionary

---

[2] In Flagg, the First DCA found that section 893.101, Florida Statutes, which provides that knowledge of the illicit nature of a controlled substance is not an element of a drug offense, did not convert the offense of felony drug possession into a strict liability crime. Flagg, 74 So. 3d at 140.

3

jurisdiction for conflict review pursuant to Jollie v. State, 405 So. 2d 418 (Fla. 1981). Resp. Ex. K.

On November 9, 2012, the Florida Supreme Court declined to accept jurisdiction:

> Having determined that this Court is without jurisdiction, this case is hereby dismissed. See Harrison v. Hyster Co., 515 So. 2d 1279 (Fla. 1987); Dodi v. Publishing Co. v. Editorial American, S.A., 385 So. 2d 1369 (Fla. 1980).
>
> No motion for rehearing will be entertained by the Court.

Resp. Ex. M. Respondents argue that because the Florida Supreme Court dismissed Petitioner's notice to invoke discretionary review, it did not toll Petitioner's AEDPA one-year limitations period, and thus, his judgment and sentence became final ninety days after the Fifth DCA issued its opinion. Resp. at 5. This Court agrees.

The Florida Supreme Court generally does not have the authority to review cases where the district court of appeal issues a per curiam affirmance without a written opinion. See Jenkins v. State, 385 So. 2d 1356, 1359 (Fla. 1980). However, in Jollie, the Florida Supreme Court explained that it may exercise its discretionary review when the appellate court's per curiam opinion contains a citation to a case that is "pending review" before the Florida Supreme Court. See Jollie, 405 So. 2d at 420. The court then clarified in Harrison that

4

"'pending review' refers to a case in which the petition for jurisdictional review has been granted and the case is pending disposition on the merits." Harrison, 515 So. 2d at 1280 (quoting Jollie, 405 So. 2d at 418). If the case cited has not been accepted for a merits review, the rationale of Jollie does not apply and the court cannot accept jurisdiction. Id.

Here, the Fifth DCA cited Flagg in its opinion affirming Petitioner's judgment of conviction. See Resp. Exs. I, K. However, the Florida Supreme Court never reviewed Flagg on the merits and declined to accept jurisdiction in that case on October 23, 2012, a few weeks before it denied Petitioner's petition for conflict review. See Flagg v. State, 104 So. 3d 1083 (Fla. 2012). Because Flagg was not "pending review" under the purviews of Jollie, the Florida Supreme Court did not have jurisdiction to consider Petitioner's notice to invoke discretionary review, and thus, it was not properly filed for purposes of tolling his federal habeas statute of limitations. See Dickey v. Jones, No. 3:16cv657-LC/CAS, 2017 WL 2672077, at *1 (N.D. Fla. June 21, 2017) (adopting report and recommendation to grant the respondents' motion to dismiss § 2254 petition as untimely because the petitioner's attempt to invoke the Florida Supreme Court's discretionary jurisdiction by citing to Flagg did not toll one-year federal habeas limitations period); Cotton v. Crews, No. 3:12cv550/MCR/CJK, 2014 WL 84084, at *1 (N.D. Fla. Jan. 9, 2014) (adopting magistrate judge's recommendation to dismiss federal habeas petition as

5

untimely because notice to invoke discretionary jurisdiction that cited to Flagg was a nullity); William v. McNeil, No. 3:08-cv-596-J-12TEM, 2008 WL 5099694, at *3 (M.D. Fla. Nov. 26, 2008) (dismissing § 2254 petition as untimely and noting "the Florida Supreme Court properly determined that it did not have jurisdiction, as the cited case had not been accepted for review.").

Therefore, Petitioner's judgment and sentence became final on May 14, 2012, ninety days after the Fifth DCA issued its opinion. Resp. Ex. I. His one-year statute of limitations began to run the next day, May 15, 2012, and expired one year later on May 15, 2013, without Petitioner filing a motion for postconviction relief that would toll the one-year period.

Over eight months later, on February 5, 2014, Petitioner filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Resp. Ex. N at 50. Because there was no time left to toll, however, Petitioner's initial Rule 3.850 motion did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the

6

limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Court finds the Petition, filed on October 17, 2016, is untimely.

Because the Petition is untimely, to proceed, Petitioner must show he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner makes numerous arguments as to why the Court should consider his Petition despite its untimely nature. First, he avers that he timely initiated this action because he filed his initial Rule 3.850 motion on February 5, 2013, and it properly tolled his one-year statute of limitations. Doc. 1 at 22.

7

However, the prison stamp on Petitioner's initial Rule 3.850 motion clearly shows it was filed in February 2014. Resp. Ex. N at 50.

Second, Petitioner argues that he is entitled to equitable tolling because his appellate attorney misadvised him that his notice to invoke discretionary jurisdiction tolled his one-year statute of limitations and that his judgment and sentence was not final until the Florida Supreme Court declined to accept jurisdiction. Doc. 10 at 6. He also asserts he did not receive notice of the Florida Supreme Court's denial until November 19, 2012, when he received a letter from his appellate attorney. Id. at 5. As explained above, Petitioner's one-year limitations period was not tolled by the filing of his notice to invoke discretionary jurisdiction. Nevertheless, even assuming Petitioner is entitled to equitable tolling for that period, and assuming his one-year period did not begin until November 19, 2012, when appellate counsel allegedly notified him of the Florida Supreme Court's dismissal, his Petition would still be untimely filed. Indeed, his one year would have expired on November 19, 2013, and his February 5, 2014, Rule 3.850 motion would have had no effect on his one-year period.

Third, Petitioner argues that he is entitled to equitable tolling for an additional ninety days after the Florida Supreme Court declined to accept jurisdiction because his appellate attorney did not advise him that he had one year to file a federal habeas petition once his judgment and sentence became

8

final. Id. at 6. However, "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship . . . or some other professional misconduct or some other extraordinary circumstance is required." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1227 (11th Cir. 2017). Here, Petitioner does not allege that his appellate attorney was retained or responsible for pursuing any proceeding other than his direct appeal or that she was responsible for informing him of his federal habeas statute of limitations once his direct appeal was final. He, thus, has not shown the "extraordinary circumstance" of being abandoned by counsel and in turn has not demonstrated that his appellate attorney's alleged failure justifies equitable tolling of any period after the Florida Supreme Court dismissed his petition to invoke discretionary jurisdiction and all direct appeal proceedings were concluded. See, e.g., Moore v. Frazier, 605 F. App'x 863, 868 (11th Cir. 2015) (holding counsel's alleged negligent failure to inform the petitioner of the one-year limitations period was not extraordinary circumstance warranting equitable tolling). To the extent Petitioner argues he could not have known about his federal deadline without his appellate attorney's assistance, his argument is unavailing. "[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations." Id. (quoting Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)).

9

Finally, Petitioner argues he is entitled to equitable tolling from the date he filed his initial Rule 3.850 motion on February 5, 2014, until he filed his amended Rule 3.850 motion on March 10, 2014, even though the trial court dismissed his initial Rule 3.850 motion because it did not comply with the oath requirement. Doc. 10 at 7. In support of this contention, he avers that when the trial court dismissed his initial Rule 3.850 motion, it did so without prejudice to Petitioner filing a sufficient amended motion. Id. As such, according to Petitioner, his amended Rule 3.850 motion correcting the procedural defect "related back" to the filing date of his initial Rule 3.850 motion. Id.

Petitioner is correct that "the one-year limitations period [is] tolled the day a petitioner filed a procedurally noncompliant Rule 3.850 motion if he was permitted and did later file a compliant motion." Bates v. Sec'y, Dep't of Corr., 964 F.3d 1326, 1328 (11th Cir. 2020). As previously mentioned, however, Petitioner's February 5, 2014, Rule 3.850 motion was filed after his one-year deadline expired. And a "[p]etitioner may not attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute" of limitations. Sibley, 377 F.3d at 1204. Accordingly, under these circumstances, the Court finds Petitioner is not entitled to equitable tolling.

10

Petitioner also attempts to overcome the time bar by alleging he is actual innocent of the trafficking in cocaine offenses. Doc. 10 at 12-13. To avoid the one-year limitations period based on actual innocence, Petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

Petitioner claims he is innocent of the trafficking in cocaine offenses because "no cocaine or controlled substance was ever recovered from Petitioner's person, nor was Petitioner in constructive possession of any drugs whatsoever" and "no element of the trafficking offense can be said to have taken place in Flagler County." Doc. 10 at 12. A summary of the evidence admitted at trial is included in Petitioner's brief on direct appeal. Resp. Ex. D. His three trafficking convictions stem from a three-county law enforcement investigation into an extensive drug trafficking operation involving Petitioner. Id. at 2. At trial, the state presented testimony from a co-defendant, Adams, who explained that on one occasion he went to Flagler county and paid Petitioner $27,000 in

11

exchange for a half-kilo of cocaine. Id. at 6. When Petitioner was eventually arrested in Daytona Beach, Florida, police discovered in his van a "kilo brick and 500 grams of powder" cocaine. Id. at 5. In his motion for judgment of acquittal, Petitioner, through counsel, argued the state presented insufficient evidence to support the trafficking offenses, asserting "[t]here was no seizure of anything that resembled cocaine." Resp. Ex. B at 403-08. His motion was denied, and the jury found him guilty on all counts. Id. at 413, 519-20. Based on the record, the Court finds Petitioner has failed to present "new reliable evidence that was not presented at trial" and has failed to satisfy the actual innocence exception to the time bar. This action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[3]

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of December, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Samuel Eleaser Johnson, Sr., #493847
    Bonnie Jean Parrish, Esq.

---

[3] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.